

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. K. Turney
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. 0-1851
Re: Where the office of sheriff is combined with the office of assessor-collector, what amount is allowed as the maximum fee?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

"I have been requested by the local Tax Collector, Assessor & Sheriff to ask you for an opinion as to the maximum fees allowed him. Said office in this county is combined, that is the tax collector, assessor and sheriff is held by one man. The population in this county is 6,624 and is under the fee system.

"Article 3883, R. S. as amended, allows counties containing 25,000 or less inhabitants, as sheriff, $2400.00 and ascassessor and collector $2400.00. Where the office of sheriff is combined with the office of assessor and collector, then what amount is allowed as the maximum fee?"

Section 16 of Article 8 of the State Constitution reads as follows:

"The sheriff of each county in addition to his other duties shall be the assessor and

collector of taxes therefor; but, in counties
having ten thousand (10,000) or more inhabi-
tants, to be determined by the last preceding
census of the United States, an Assessor and
Collector of Taxes shall be elected to hold
office for two (2) years and until his successpr
shall be elected and qualified."

Article 7246, R. C. S. reads as follows:

"In each county having less than ten thou-
sand (10,000) inhabitants, the sheriff of such
county shall be the Assessor and Collector of
Taxes, and shall have and exercise all the rights,
powers and privileges, be subject to all the
requirements and restrictions, and perform all
the duties imposed by law upon assessors and
collectors; and he shall also give the same
bonds required of an assessor and collector
of taxes elected."

Article 7246a, R. C. S. reads as follows:

"The Assessor and Collector of Taxas,
Sheriff, or Sheriff and Assessor and Collector
of Taxes, are hereby authorized and empowered,
to administer all oaths necessary for the dis-
charge of the duties of their respective offices,
and to administer all oaths required for the
transaction of business of their respective
offices."

Article 3883, R. C. S., reads in part as follows:

"Except as otherwise provided in this Act,
the annual fees that may be retained by pre-
cinct, county and district officers mentioned
in this Article shall be as follows:

"1. In counties containing twenty five
(25,000) thousand or less inhabitants: County
Judge, District or Criminal District Attorney,

Hon. A. V. Turney, Page 3

Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each........"

Article 3891, R. C. S., reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400)."

We quote from Texas Jurisprudence, Vol. 34, page 447, as follows:

"In some instances a public officer, by virtue of the fact that he holds the office to which he was elected or appointed, are ex



Hon. A. M. Turney, Page 4

officio, as authorized and required to exercise the powers and perform the duties of another office. In such a case the Supreme Court has said that the powers and duties of the officer, simple as such, are just as distinct from his powers and duties when acting in his ex officio capacity be as is they were exercised by two different persons. It is further said that the conferring of power and authority of this character upon an officer is different from blending two distinct functions in one office.

"Some times a duty is attached to two offices, to be exercised by the incumbent concurrently. This does not constitute the respective officers incumbent to more than one office; nor does it violate the constitutional provision that prohibits the holding of more than one office of emolument. A statute imposing such duties upon an officer is not repealed by a latter enactment imposing the same duties upon another officer, the later act containing no repealing clause; the duties imposed upon both officers, but not exclusively upon either, and the one who first enters upon the performance has the right and power to perform, and upon fully performing is entitled to the statutory commission."

In opinion No. 2310, rendered by this Department on March 9, 1921 and printed in Reports and Opinions for 1920-22, page 297, it was held that the county judge, acting as ex officio county school superintendent was simply performing additional duties and the compensation for his services as ex officio county superintendent constitute a fee as county judge.

On May 24, 1927, in an opinion written by Hon. H. Grady Chandler, Assistant Attorney General, addressed to B. D. Worswick, County Attorney, Dickens County, Texas, applying the same reasoning, this department held that in the case of a sheriff who collects taxes the person is not filling two offices but the sheriff is simply

Hon. A. H. Turney, Page 5

performing duties that he is not required to perform in counties containing more than ten thousand (10,000) population.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that $5,000.00 is the maximum fee allowed by the foregoing statutes to the sheriff who performs the duties of assessor and collector of taxes in counties having a population of less than ten thousand (10,000) inhabitants.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 14, 1939

AW:AW

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *WRK*
CHAIRMAN